REBECCA LAWLOR CALKINS (SBN 195593)
rebecca.calkins@gmlaw.com
KATHLEEN C. HIPPS (SBN 268019)
kathleen.hipps@gmlaw.com
VINCENT AIELLO (*Pro Hac Vice Pending*)
vincent.aiello@gmlaw.com
GREENSPOON MARDER LLP
1875 Century Park East, Suite 1850
Los Angeles, California  90067
Telephone:  (323) 880-4520
Facsimile:  (954) 771-9264

Attorneys for Debtor and Defendant
PETER M. SELTZER

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| PETER SELTZER<br><br>Debtor,<br>_____<br><br>DARREN KESSLER, an individual<br><br>Plaintiff,<br>v.<br><br>PETER SELTZER, an individual:<br><br>Defendant | Case No.:  2:19-BK-11696-VK<br><br>Chapter 7<br><br>Adversary Case No. 1:19-ap-01151-VK<br><br>**DEFENDANT'S NOTICE OF MOTION AND TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE PURSUANT TO FRCP 12b(6) & FRCP 9(b)**<br><br>Hearing Date:  June 24, 2020<br>Hearing Time:  1:30<br>Courtroom:      301 |

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

# TABLE OF CONTENTS

I.      PROCEDURAL HISTORY...........................................................................................9

II.     STATEMENT OF FACTS ........................................................................................10

III.    LEGAL STANDARD UNDER FED. R. CIV. PROCEDURE 12(b)(6) AND FEDERAL
        RULE OF CIVIL PROCEDURE 9(b)........................................................................10

A.      Legal Standard Under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of
        Bankruptcy Procedure 7012(b)(6)............................................................................10

B.      Legal Standard for Fraud Based Claims Under 11 U.S.C. 523(a) .........................12

IV.     LEGAL ARGUMENT...............................................................................................13

A.      Plaintiff's Fraud Based Claims Pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(4), and
        523(a)(6) Remain Deficient And Should Be Dismissed Without Leave to Amend ..............13

        1.      Plaintiff's Fraud Based Claims Fail to Satisfy Federal Rule of Civil Procedure 9(b) .....13

        2.      Plaintiff's FAC Fails to State Plausible Claims for Relief................................................14

B.      Plaintiff's Claim for Fraud Pursuant to 11 U.S.C. § 523(a)(2)(A) Should Be Dismissed
        Because Plaintiff Again Fails To Satisfy §§ 523(a)(2)(A), 12(b)(6) and 9(b) .....................16

        1.      The Documents Attached to Plaintiff's FAC Control, and Contradict    Plaintiff's
        Newest Allegations. ......................................................................................................17

C.      Plaintiff's Second Claim for Relief For Defalcation By A Fiduciary Pursuant to 11 U.S.C. §
        523(a)(4) Should Again Be Dismissed Because It Fails to Satisfy FRCP 9(b) .....................20

D.      Plaintiff's Third Claim For Relief For Nondischargeability For Willful and Malicious Injury
        By Debtor to Property of Another Pursuant To 11 U.S.C. § 523(A)(6) Should Be Dismissed
        Because It Fails to Satisfy Federal Rule of Bankruptcy Procedure 7012(b)(6) .....................23

E.      Plaintiffs Fourth Claim For Relief Pursuant to 11 U.S.C. § 727 (a)(2) Should Be Dismissed
        Pursuant to FRBP 7012(b)(6) as Plaintiff Fails To State a Claim for Which Relief Can Be
        Granted. ......................................................................................................................26

F.      Plaintiff's Fifth Claim For Relief  for Objection To Discharge Pursuant To 11 U.S.C §
        727(A)(4) Should be Dismissed for Failure to State a Claim for Relief Pursuant to FRBP
        7012(b)(6)...................................................................................................................27

G.      Plaintiff Sixth Claim For Relief Objection To Discharge Pursuant To 11 U.S.C § 727(A)(5)
        Should be Dismissed for Failure to State a Claim for Relief Pursuant to FRBP 7012(b)(6)..28

V.      CONCLUSION..........................................................................................................29

# TABLE OF AUTHORITIES

**Cases**

*Am. Exp. Travel Related Services Co., Inc. v. Henein,*
  257 B.R. 702 (E.D.N.Y. 2001) ..................................................................................16

And Fed. R. Bank.,
  Proc. 7009 ..................................................................................................................21

*Arroyo v. Wheat,*
  591 F. Supp. 136 (D. Nev. 1984) ..............................................................................15

*Bainbridge v. Stoner*,
  16 Cal.2d 423 (1940) .................................................................................................26

*Branch v. Tunnell,*
  14 F.3d 449 (9th Cir. 1994) .......................................................................................15

*Cal-Micro, Inc.*, 329 F.3d ..........................................................................................26

*Field v. Mans,*
  516 U.S. 59 (1995) .....................................................................................................22

*Fogel Legwear of Switz., Inc. v. Wills (In re Wills)*,
  243 B.R. 58 (B.A.P. 9th Cir. 1999) ..........................................................................30

*Graziose v. Am. Home Products Corp.,*
  202 F.R.D. 638 (D. Nev. 2001) ...........................................................................15, 16

*Grogan v. Garner,*
  498 U.S. 279 (1991) .............................................................................................14, 30

id; In re Moel,
  ler, 466 B.R. 525 (Bankr. S.D. Cal. 2012)...........................................................14, 26

*In re Bailey*,
  197 F.3d 997 (9th Cir. 1999) .....................................................................................26

*In re Barboza,*
  545 F3d 702(9th Cir. 2008) .......................................................................................27

*In re Belice,*
  461 BR 564 (9th Cir. BAP 2011) ..............................................................................21

*In re Belk*,
  509 B.R. 513 (Bankr. W.D.N.C. 2014)......................................................................31

*In re Berman,*
  629 F.3d 761 (7th Cir. 2011) .....................................................................................26

*In re Black,*
  487 B.R. 202 (B.A.P. 9th Cir. 2013)..........................................................................28

*In re Bodenstein,*
  168 B.R. 23 (Bankr.E.D.N.Y.1994)...........................................................................31

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

*In re Carpenter*,
   205 B.R. 600 (B.A.P. 9th Cir. 1997) ................................................................. 15

*In re Coombs*,
   193 B.R. 557 (Bankr.S.D.Cal.1996) ................................................................. 30

*In re Drenckhahn*,
   77 B.R. 697 (Bankr. D. M.N. 1987) ................................................................. 29

*In re Eashai*,
   87 F3d 1082 (9th Cir. 1996) ............................................................... 21, 22

*In re Farmers Markets, Inc.*,
   792 F.2d 1400 (9th Cir. 1986) ................................................................. 29

*In re Farouki*,
   133 B.R. 769 (Bankr.E.D.Va.1991) ................................................................. 31

*In re Frank*,
   14 B.R. 166 (Bankr.S.D.Fla.1981) ................................................................. 31

*In re Friedman's Inc.*,
   452 B.R. 512 (Bankr. D. Del. 2011) ................................................................. 17

*In re Gunn*,
   387 B.R. 856 (Bankr. M.D. Ala. 2008) ............................................................... 13, 19

*In re Hahn*,
   362 B.R. 542 (Bankr.S.D.Fla.2007) ................................................................. 31

*In re Hamilton*,
   584 B.R. 310, (B.A.P. 9th Cir. 2018) ................................................................. 28

*In re Harrell*,
   73 F3d 218 (9th Cir. 1996) ................................................................. 29

*In re Harris*,
   8 B.R. 88 (Bankr. M.D. Tenn. 1980) ................................................................. 29

*In re Honkanen*,
   446 B.R. 373 (B.A.P. 9th Cir. 2011) ................................................................. 24

*In re Jercich*,
   238 F3d 1202 (9th Cir. 2001) ............................................................... 27, 28

In re LeMieux,
   No. 16-10211 HLB, 2017 WL 4325563 (Bankr. N.D. Cal. Sept. 27, 2017) .............................. 30

*In re Lloyd*,
   511 B.R. 657 (Bankr. D. Ariz. 2014) ............................................................... 13, 14

*In re MacDonald*,
   164 B.R. 325 (Bankr. C.D. CA 1994) ................................................................. 29

*In re Matter of Ormsby*,
   591 F.3d 1199 (9th Cir. 2010) ................................................................. 27

*In re Maurer*,
   112 B.R. 710 (Bankr. E.D. Pa. 1990) ................................................................. 18

4

*In re Nail,*
446 B.R. 292 (B.A.P. 8th Cir. 2011)......................................................................26

*In re Neff,*
505 B.R. 255 (9th Cir. BAP 2014).........................................................................29

*In re Ortenzo Hayes,*
*315 B.R. 579 (Bankr. C.D. Cal. 2004)* ................................................................22

*In re Ottoson–King,*
3 Fed.Appx. 147 (4th Cir.2001)............................................................................31

*In re Pinsonneault,*
No. AP 15-90201-LA, 2017 WL 218819 (Bankr. S.D. Cal. Jan. 13, 2017)..............29

*In re Premier Intern. Holdings, Inc.,*
*443 B.R. 320 (Bankr. D. Del. 2010)* ....................................................................17

*In re Rodriguez,*
568 B.R. 328 (2017)...............................................................................................26

*In re Roeder,*
*61 BR 179 (Bankr. W.D. Ky. 1986)*.....................................................................18

*In re Rubin,*
*875 F.2d 755 (9th Cir. 1989)* ..............................................................................16

In re Sabban,
600 F.3d 1219 (9th Cir. 2010) ..............................................................................21

*In re Shannon,*
*553 BR 380 (9th Cir. BAP 2016)* ........................................................................21

*In re Shapiro*,
59 B.R. 844 (Bankr.E.D.N.Y.1986).......................................................................31

*In re Stanifer,*
236 B.R. 709 (B.A.P. 9th Cir. 1999)......................................................................24

*In re Steger*,
472 B.R. 533 (B.A.P. 8th Cir. 2012)......................................................................26

*In re Su,*
290 F3d 1140 (9th Cir. 2002) (remanded ........................................................27, 28

*In re Thomas,*
No. 86–3560, 1987 WL 37635 (4th Cir. June 3, 1987) ........................................31

*In re Tiscareno,*
551 B.R. 1 (Bankr. N.D. Cal. 2016) ......................................................................31

In re Tronox Inc.,
429 B.R. 73 (Bankr. S.D.N.Y. 2010) .....................................................................14

*In re Warfel,*
*268 B.R. 205 (9th Cir. BAP 2001)* ......................................................................14

*In re Zavala,*
*444 B.R.* ........................................................................................................17, 21

5

*Johnson v. Riverside Healthcare Sys.,*
   *534 F.3d 1116 (9th Cir.2008)* ........................................................... 13

*Jones v. Bock,*
   *549 U.S. 199 (2007)* .......................................................................... 14

*Kawaauhau v. Geiger,*
   523 U.S. 57 (1998) ........................................................................ 26, 28

*Lamar, Archer & Cofrin, LLP v. Appling,*
   *138 S.Ct. 1752 (2018)* ....................................................................... 21

*Lockerby v. Sierra,*
   535 F.3d 1038 (9th Cir. 2008) .......................................................27, 28

*Marder v. Lopez,*
   *450 F.3d 445 (9th Cir.2006)* .............................................................. 15

*Matter of Bercier,*
   *934 F.2d 689 (5th Cir. 1991)* ............................................................. 18

*Palmacci v. Umpierrez,*
   *121 F.3d 781 (1st Cir. 1997)* ........................................................18, 22

*Retz v. Samson (In re Retz),*
   606 F.3d 1189 (9th Cir. 2010) ........................................................... 30

*Roberts v. Erhard (In re Roberts),*
   331 B.R. 876 (B.A.P. 9th Cir. 2005) ................................................... 30

*Rosen v. Bezner,*
   996 F.2d 1527 (3rd Cir. 1993) ........................................................... 29

*Snoke v. Riso (In re Riso),*
   *978 F.2d 1151 (9th Cir.1992)* .......................................................14, 27

*Twombly,*
   *550 U.S. 544 (2007)* .......................................................................... 14

U.S. ex rel. Lee v. Smithkline Beecham, Inc.,
   245 F.3d 1048 (9th Cir. 2001) ........................................................... 16

**Statutes**

11 U.S.C. 523(a) ......................................................................... 12, 13, 15

11 U.S.C. § 523 ................................................................................... 16

11 U.S.C. § 523(a)(2)(A) ...............................................................passim

11 U.S.C. § 523(a)(2)(A), 523(a) ........................................................ 14

11 U.S.C. § 523(a)(2)(A), 523(a)(4), and 523(a)(6) .............................. 14

11 U.S.C. § 523(a)(4) ....................................................................passim

11 U.S.C. § 523(A)(6) ....................................................................passim

11 U.S.C. § 727 (a)(2) ...................................................................26, 27

11 U.S.C. § 727 (a)(4) ...............................................................27, 28, 29

6

11 U.S.C. § 727(a) ........................................................................................................... 10

11 U.S.C. § 727(a)(2)(A) .................................................................................................. 26

11 U.S.C. §§ 101-1532 ..................................................................................................... 10

11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) .............................................................................. 10

011 U.S.C.A. § 157(b)(2)(J) ............................................................................................ 10

11 U.S.C § 727(A)(5).................................................................................................. 29, 30

28 U.S.C. § 157(b)(2)(1) and (J) ...................................................................................... 10

28 U.S.C. § 1409(a) .......................................................................................................... 10

Cal. Civ. Code § 654 ......................................................................................................... 22

**Rules**

Fed. R. Bankr. P. 4005 ..................................................................................................... 27

Fed. R. Bankr. P. 7009(b) ....................................................................................... 10, 18, 21, 22

Fed. R. Bankr. P. 7012 ................................................................................................. 10, 15

FRCP 12(b)(6) ............................................................................................................ passim

Fed. R. Bankr. P. 7012(b)(6).......................................................................................passim

Fed. R. Bankr. P. 1001-9037........................................................................................... 10

Fed. R. Bankr. P.7008(a) .................................................................................................. 21

Fed. R. Bankr. P. 9(b) ................................................................................................. passim

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 24, 2020 at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 301 of the above-entitled Court, located at 21041 Burbank Boulevard, Suite 354, Woodland Hills, CA 91367, Defendant Peter Seltzer ("Defendant" or "Seltzer") will and hereby does move for an Order dismissing the First Amended Complaint filed by Plaintiff Darren Kessler ("Plaintiff" or 'Kessler").

This Motion is made on the grounds that Plaintiff has failed to state a claim upon which relief can be granted under the Federal Rules of Civil Procedure 12(b)(6) and 9(b), and the Federal Rules of Bankruptcy Procedure 7012(b)(6) and 7009(b).

This Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, the complete files and records of this action, and such other evidence as may be presented at the hearing on this Motion.

Dated:  May 26, 2020

GREENSPOON MARDER LLP

By:  ___*/s/ Kathleen C. Hipps*___
      Kathleen C. Hipps
      Rebecca Lawlor Calkins
Attorneys for Defendant PETER M. SELTZER

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE PURSUANT TO FRCP 12b(6) & FRCP 9(b)

COMES NOW, Defendant, Peter Seltzer ("Seltzer" or "Defendant", by and through his counsel of record, Rebecca Lawlor Calkins, Kathleen Hipps, and Vincent Aiello of Greenspoon Marder, LLP and hereby files this Motion To Dismiss Plaintiff Darren Kessler's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) as applicable via Fed. R. Bankr. P. 7012, for failure to state claims upon which relief can be granted. Defendant also contends the Plaintiff failed to plead the fraud and fraud based claims with sufficient particularity as required by Fed. R. Civ. P. 9(b) as incorporated in Fed. R. Bankr. P. 7009(b).  Based upon the foregoing the FAC should be dismissed with prejudice. This matter is a core proceeding under 11 U.S.C.A. § 157(b)(2)(J). This Motion is made and based upon the points and authorities raised herein, the exhibits attached hereto and on such oral arguments as may be entertained by the Court at the time and place of the hearing of this motion[1].

## I.    PROCEDURAL HISTORY

Defendant, Pete Seltzer ("Defendant" or "Seltzer"), filed a Chapter 11 petition under of the United States Bankruptcy Code on or about July 9, 2019 as Bankruptcy Case No.: 1:19-bk-11696. Plaintiff filed a Complaint to determine the dischargeability of Defendant's alleged debts to the Plaintiff on or about December 16, 2019 pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4)(A), 11 U.S.C. 523(a)(6) and 11 U.S.C. § 727(a)[2].  On February 4, 2020 Defendant filed a motion to dismiss Plaintiff's Complaint.  On April 29, 2020 this Court granted Defendant's motion to dismiss as to Plaintiff's first, second, third, and sixth claims for relief pursuant to 11 U.S.C. 523(a)(2)(A), 523(a)(4), 523(a)(6), and 727(a)(5), respectively.  (Adv. Dkt. 12).  The Court provided a thorough and well-reasoned analysis of Plaintiff's pleading deficiencies – which analysis provides the basis

---

[1] By challenging the sufficiency of the Complaint Defendant in no way waives his right to present new or additional information, facts, arguments, or defenses based upon subsequently acquired information or evidence during the course of discovery should it occur in this matter.  Notwithstanding the foregoing, the Debtor/Defendant reserves all rights to object to the manner and use of any exhibits or provided information representation or statement, including its use as evidence for future discovery purposes, for impeachment or otherwise, in any subsequent proceeding pursuant to the relevant Fed. R. Civ. P., Fed. R. Bankr. P. and Fed. R. Evid. Nothing in this brief or the exhibits submitted in support thereof is intended to be nor shall be construed as a waiver of any privileges, defenses or counter-claims in the current or future proceeding including, but not limited to, the attorney-client privilege.

[2] Unless specified otherwise, all "Chapter" and "Section" references are to the Bankruptcy Code ("Code"),  see 11 U.S.C. §§ 101-1532, all "FRBP" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "FRCP" references are to the Federal Rules of Civil Procedure. All "Local Rule" references are to the Local Rules of Practice of the United States District Court, Central District of California, as presently in effect.

for requiring dismissal yet *again*, this time *without* leave to amend.[3] Indeed, after having now had a second opportunity to plead sufficient facts, it is clear that Plaintiff cannot cure its fatal defects, and as such, Plaintiff's FAC must be dismissed without leave to amend.

## II.    STATEMENT OF FACTS

Defendant Peter Seltzer was involved with Plaintiff in a real estate and business investment in July 2014. In an effort to trump up and avoid the proper discharge of what is at best a contractual obligation however, Plaintiff now claims he was defrauded by Defendant in the business endeavor. This Court previously recognized the factual deficiencies in Plaintiff's complaint attempting to plead fraud, and even a cursory review of Plaintiff's FAC reveals that the deficiencies have not been cured. Because Plaintiff's FAC still fails to state claims upon which relief can be granted and fails to clearly articulate with specificity the facts forming the basis of the pleaded claims, Plaintiff's FAC must be dismissed.

## III.    LEGAL STANDARD UNDER FED. R. CIV. PROCEDURE 12(b)(6) AND FEDERAL RULE OF CIVIL PROCEDURE 9(b)

### A.    Legal Standard Under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b)(6)

To survive a motion to dismiss for failure to state a claim, Plaintiff's factual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true. *In re Gunn*, 387 B.R. 856, 860 (Bankr. M.D. Ala. 2008), aff'd, 317 Fed. App'x. 883 (11th Cir. 2008). To survive a motion to dismiss under FRCP 12(b)(6), the plaintiff must provide enough factual matter so that the claim is "plausible on its face." Id. at 570; see also *In re Lloyd*, 511 B.R. 657, 659 (Bankr. D. Ariz. 2014).

A motion to dismiss under FRCP 12(b)(6) challenges the sufficiency of the allegations set forth in the complaint and "may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir.2008) (internal quotation omitted). In practice, however, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary

---

[3] Because the Court concluded that the deficiencies in Plaintiff's complaint could possibly be cured by amendment, the Court granted Plaintiff leave to amend.

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE PURSUANT TO FRCP 12b(6) & FRCP 9(b)

1  to sustain recovery under some viable legal theory." *Twombly,* 550 U.S. 544, 562 (2007) (citation

2  and internal quotation omitted). The Plaintiff, thus, must provide grounds for an entitlement for

3  relief, which requires more than labels and conclusions, and, again, the actions must be based on

4  legally cognizable rights of action. Id. at 555. If a complaint seeks a recovery that is barred as a

5  matter of law, the complaint is subject to dismissal. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

6      A creditor objecting to the dischargeability of its claim bears the burden of proving, by a

7  preponderance of the evidence that the particular debt falls within one of the exceptions to discharge

8  enumerated in section 523(a). *Grogan v. Garner*, 498 U.S. 279, 286–291 (1991). This allocation of

9  the burden of proof is appropriate; "[o]ne of the fundamental policies of the Bankruptcy Code is

10  the fresh start afforded debtors through the discharge of their debts." *Snoke v. Riso (In re Riso),* 978

11  F.2d 1151, 1154 (9th Cir.1992) (citation omitted). Thus, and in order to effectuate the fresh start

12  policy, exceptions to discharge must be strictly construed against an objecting creditor and in favor

13  of the debtor. See id; In re Moeller, 466 B.R. 525, 530–31 (Bankr. S.D. Cal. 2012).

14      Defendant acknowledges that generally, when "ruling on a motion to dismiss for failure to

15  state a claim, only in limited circumstances may a court consider documents [or communications]

16  other than the complaint itself: first, a court may rely on such documents [or communications] if

17  they are either attached to the complaint or incorporated in it by reference, and, second, even if not

18  attached or incorporated by reference, a document [or evidence] upon which the complaint solely

19  relies and which is integral to the complaint may be considered by the court in ruling on such a

20  motion." In re Tronox Inc., 429 B.R. 73, 97 (Bankr. S.D.N.Y. 2010).

21      When "considering whether to grant a motion to dismiss, the Court should assume all

22  material facts pleaded are true and interpret them in the most favorable light to the nonmoving

23  party. *In re Warfel*, 268 B.R. 205, 209 (9th Cir. BAP 2001). However, the Court does not need to

24  assume the truth of conclusory allegations. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544,

25  556 (2007). To survive a motion to dismiss under FRCP 12(b)(6), the plaintiff must provide enough

26  factual matter so that the claim is "plausible on its face." Id. at 570; see also In re Lloyd, 511 B.R.

27  657, 659 (Bankr. D. Ariz. 2014).

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

1    While the court must generally treat the allegations of the complaint as true, the Court "may

2    consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the

3    document [or communication]; (2) the document [or communication] is central to the plaintiff's

4    claim; and (3) no party questions the authenticity of the copy." *Marder v. Lopez*, 450 F.3d 445, 448

5    (9th Cir.2006) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other

6    grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)), *In re Carpenter*,

7    205 B.R. 600, 604 (B.A.P. 9th Cir. 1997), aff'd, 164 F.3d 629 (9th Cir. 1998). The allegations of

8    the complaint need not be treated as true if they are refuted by the referenced documents [or

9    evidence]. *In re Carpenter, supra*, 205 B.R. at 604.

10    **B.  Legal Standard for Fraud Based Claims Under 11 U.S.C. 523(a)**

11    The interplay between FRCP 12(b)(6) and FRCP 9(b) is key issue in determining if

12    Plaintiff's FAC adequately establishes a sufficient claim under 11 U.S.C. 523(a).   Indeed, the

13    requisite particularity may not be supplied in a memoranda of points and authorities or conclusory

14    allegations in Plaintiff's FAC. See *Arroyo v. Wheat*, 591 F. Supp. 136, 138 (D. Nev. 1984). The

15    plaintiff must detail the fraudulent actions, misrepresentations or concealments of which they

16    complain, explain why they were false, and designate facts that support an inference of fraud.

17    *Graziose v. Am. Home Products Corp*., 202 F.R.D. 638, 642 (D. Nev. 2001). In the absence of the

18    preceding, the allegations of fraud are merely the allegations of opinions, not action. *Id*. In the

19    instant case the Plaintiff's allegations are still merely allegations of opinion as there is nothing

20    specifically plead in the claims sufficient to show that Defendant's conduct was intended to deceive

21    and defraud Plaintiff. The Court in Graziose further stated:

22    Thus, it is contrary to Fed. R. Civ. P. 9(b) to require a defendant to speculate what facts

23    constitute fraudulent activities that a plaintiff complains of in the complaint.   The specifics should

24    include (though not necessarily be limited to) the following: (1) the dates the [statements or

25    conduct] in question [occurred]; (2) the [frequency of the conduct]; (3) the specific damage, injury,

26    or reaction causally related to the [conduct]; (4) the date(s) of any purported fraudulent

27    communication or misrepresentation, and/or when Plaintiff received it; (5) the date Plaintiff learned

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

of and the source of the information that was purportedly concealed or suppressed; (6) the content of any purported fraudulent communications or misrepresentation or information which was concealed or suppressed; (7) who disseminated the information and who received any of the foregoing communications or representations; (8) the object of, the nature of, and the participants in any claimed conspiracy, together with the specific conduct known to have been performed by each [Defendant]; (9) what overt acts or unlawful conduct was performed in the furtherance of the alleged [fraud or misrepresentation]; (10) the content of warranties, whether express or implied, and the person(s) to whom and the date on which the warranties were promised. *Graziose, supra*, 202 F.R.D. at 642- 43.

## IV.    LEGAL ARGUMENT

### A.    Plaintiff's Fraud Based Claims Pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(4), and 523(a)(6) Remain Deficient And Should Be Dismissed Without Leave to Amend

#### 1.    Plaintiff's Fraud Based Claims Fail to Satisfy Federal Rule of Civil Procedure 9(b)

Plaintiff's FAC fails to plead the seven essential elements as to  11 U.S.C. § 523(a)(2)(A), 523(a)4 and 523(a)(6) fraud claims with the requisite FRCP 9(b) particularity i.e. that: 1) a representation of fact by the debtor, 2) that was material, 3) that the debtor knew at the time to be false, 4) that the debtor made with the intention of deceiving the creditor, 5) upon which the creditor relied, 6) that the creditor's reliance was justifiable, and 7) that damage proximately resulted from the misrepresentation. *In re Rubin*, 875 F.2d 755, 759 (9th Cir. 1989), *Field v. Mans*, 516 U.S. 59, 74-75, 116 S. Ct. 437, 133 L. Ed.2d 351 (1995) To satisfy the FRCP 9(b) particularity in pleadings requirement, the "pleading must set forth the alleged fraudulent statements, identity of the speaker, time and place of the statements, and nature of the misrepresentation." *Am. Exp. Travel Related Services Co., Inc. v. Henein,* 257 B.R. 702, 706 (E.D.N.Y. 2001). The Ninth Circuit Court of Appeals cautioned "mere conclusory allegations of fraud are insufficient." U.S. ex rel. *Lee v. Smithkline Beecham,* Inc., 245 F.3d 1048, 1052 (9th Cir. 2001).  As Plaintiff has now been given a second opportunity to provide sufficient facts and has once again failed, Plaintiff's FAC should be dismissed without leave to amend.

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE PURSUANT TO FRCP 12b(6) & FRCP 9(b)

### 2.  Plaintiff's FAC Fails to State Plausible Claims for Relief

Determining if a complaint states a plausible claim for relief under Fed. R. Civ. P. 12(b)(6) is a context-specific task that requires the trial court to draw on its judicial experience and common sense, see generally *In re Zavala*, 444 B.R. at 185. Plaintiff's sparse newly added allegations still do not satisfy the pleading requirements for fraudulent misrepresentations under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4).  Indeed, when viewing the communications in their actual contexts there is no plausible basis to support an inference the Defendant intended to fraudulently misrepresent anything to the Plaintiff as the terms of the notes are explicitly conditioned upon repayment being made from revenues of ACC Industries.

For purposes of a motion to dismiss, if the facts alleged in the complaint are clearly contradicted by [documentary evidence contradicting the allegation in] the complaint, then the court is not obliged to accept those facts as alleged.  *In re Szostek*, 429 B.R. 552 (Bankr. W.D. Tex. 2010), adhered to on reconsideration, 433 B.R. 611 (Bankr. W.D. Tex. 2010).  Indeed, if the allegations of the complaint are contradicted by documents made a part thereof, *the document controls* and the court need not accept as true the allegations of the complaint in deciding motion to dismiss for failure to state claim. (Emphasis added).  FRBP 7012, 11 U.S.C.A.; FRCP 12(b)(6), 28 U.S.C.A. *In re Friedman's Inc*., 452 B.R. 512, 55 (Bankr. D. Del. 2011); see also *In re Premier Intern. Holdings, Inc.,* 443 B.R. 320 (Bankr. D. Del. 2010).

Here the specific terms of the Notes confirm unequivocally that any repayment is conditioned on the successful performance of the business venture.  Of course, this contradicts Plaintiff's newly concocted allegation that the funds at issue were somehow invested and loaned at the same time.  Not only does this make no sense but it finds no support whatsoever in the controlling documentary evidence attached to Plaintiff's FAC.  As the documentary evidence contradicts Plaintiff's latest conclusory fabrications, Plaintiff again fails to plead the necessary elements for fraud as an exception to discharge under 11 U.S.C. § 523 et. seq. with the requisite particularity pursuant to FRCP 9(b).  On this basis alone Plaintiff's causes of action should be

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

dismissed with prejudice. See generally *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); see *In re Mullen,* 200 B.R. 352, 356 (Bankr. C.D. Cal. 1996).

Additionally, even if the FAC contained any actual statements made by Defendant that could be deemed part of an exchange of promises, it is well settled that a promise to perform "in the future is not a false representation or a false pretense giving rise to [non-dischargeability under 11 U.S.C. § 523(a)] unless the debtor had no intention of performing at the time the representation was made". *Matter of Bercier*, 934 F.2d 689, 692 (5th Cir. 1991); *Palmacci v. Umpierrez,* 121 F.3d 781, 786–787 (1st Cir. 1997).  Notably, *no actual statements* by Defendant appear anywhere in Plaintiff's FAC.

And even if there were actual statements alleged, which there are not, the debtor's failure to perform some promised action would not be enough to prove a false pretense, false representation or actual fraud, see generally *Matter of Bercier*, 934 F.2d at 692 — absent false representation, mere promise to repay debt in the future does not constitute ground for denial of dischargeability; *In re Roeder,* 61 BR 179, 181 (Bankr. W.D. Ky. 1986) — because promise to turn over income tax refund as security for loan related to future action, it was not a "false representation or false pretense" under § 523(a)(2)(A).

Finally, it is well settled that fraud cannot be premised on mere breach of contract, which is at best, all this matter is.  *In re Maurer,* 112 B.R. 710, 713 (Bankr. E.D. Pa. 1990). Given the context of the alleged repayment obligations which were conditioned on ACC Enterprises, LLC generating revenues coupled with the grant of the equity interests outlined in the Notes, the documents that Plaintiff himself relies on and attaches to the FAC once again confirm that Plaintiff was fully aware of the conditional nature of any repayment under the notes and secured repayment not off of the Defendant's alleged representations, but off of the performance of ACC Enterprises.

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

**B. Plaintiff's Claim for Fraud Pursuant to 11 U.S.C. § 523(a)(2)(A) Should Be Dismissed Because Plaintiff Again Fails To Satisfy §§ 523(a)(2)(A), 12(b)(6) and 9(b)**

To survive a motion to dismiss for failure to state a claim, Plaintiff's factual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true. *In re Gunn*, 387 B.R. 856, 860 (Bankr. M.D. Ala. 2008), aff'd, 317 Fed. App'x 883 (11th Cir. 2008).

As with the original complaint, Plaintiff again offers only a recitation of conclusory and general allegations in the FAC that fall far short of satisfying the special pleading requirements under FRCP 9(b). These Rules place a heightened burden of pleading upon the Plaintiff which Plaintiff has again failed to meet. Plaintiff has failed to establish with specificity the events and facts giving rise to and or supporting a claim for false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. Indeed, Plaintiff now holds out only additional "statements" made by *Plaintiff*, not Defendant, in an attempt to provide the required specificity. Specifically, Plaintiff's new best effort is to allege that:

> 10. In connection with these discussions in May 2014, *Plaintiff expressed* that he wanted a guaranty that his money would be returned with profit. *Plaintiff recognized* that making a direct equity investment directly [sic] came with more risk than he was willing to undertake. *Plaintiff further recognized*, and relied up on Debtor's representation, that Debtor would obtain significant control in the underlying investment specifically because Plaintiff was willing to loan the funds to him. (FAC ¶ 10). (Emphasis added).

As another example:

> 72. *Plaintiff expressly stated* to the Debtor in or about May 2014 that the Plaintiff did not want to bear the risk of merely receiving an equity interest in the underlying investments. FAC ¶ 72. (Emphasis added).

Nowhere in the FAC does Plaintiff identify with the requisite specificity any actual statement made by Defendant. Indeed, Plaintiff repeatedly confirms in the FAC that the best he can come up with are statements he himself, not Defendant, made.

**1. The Documents Attached to Plaintiff's FAC Control, and Contradict    Plaintiff's Newest Allegations.**

As stated supra, if the allegations of the complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint in deciding motion to dismiss for failure to state claim. (Emphasis added).  FRBP 7012, 11 U.S.C.A.; FRCP 12(b)(6), 28 U.S.C.A. In re Friedman's Inc., 452 B.R. 512, 55 (Bankr. D. Del. 2011); see also In re Premier Intern. Holdings, Inc., 443 B.R. 320 (Bankr. D. Del. 2010).  Here, Plaintiff repeats in his FAC the allegation from the original complaint that:

> 12. On or about May 20, 2014, the Debtor executed and delivered to Plaintiff a Promissory Note/Equity Agreement (the "May Note"), a true and correct copy of which is attached hereto as **Exhibit "A".**  (FAC ¶ 12).

The plain reading of the Note in **Exhibit "A"** clearly states any repayment under the Note is to be made through revenues generated by ACC Enterprises, LLC. The Note also purportedly secures an equity state of 14% in the makers INVESTMENT in ACC Enterprises LLC.[4]

The parties then purportedly attempted to amend the Note/Equity Agreement purportedly entering into a revised Promissory Note/Equity Agreement in **Exhibit "B"** on October 1, 2014 which states in section "(a) Interest shall be payable annually on the anniversary date at the rate of five percent (1%) per annum." Under the terms of the revised October 1, 2014 Promissory Note/Equity Agreement the Lender, " In addition to the repayment of the loan …immediately receive[d] a 25.5% equity interest in the stock of the makers that is not subject to future dilution, and a 25.5% equity interest in any subsequent affiliated companies that are established by the makers." **Exhibit "B"** at [DE 1]. Again repayment to the Plaintiff was conditional on revenues generated by ACC Enterprises.

To except a debt, or an extension or renewal of credit from discharge under § 523(a)(2)(A), the creditor must show: 1. the debtor made representations that at the time the debtor knew to be

---

[4] The Promissory Note/Equity Agreement states in section (b) "[a]ll principal and accrued interest shall be due and payable on a cyclical basis based on disbursements made via K-1 by ACC to "maker" within 30 days of "maker" being paid." Exhibit "A" to [DE 1]. Payments to Lender are conditional on the maker being paid through revenues generated by ACC Enterprises, LLC. Further, in addition to the repayment of the loan from the proceeds generated by ACC Enterprises LLC the Lender immediately "receive[d] a 14% equity interest in the stock of the makers stock of ACC Enterprises LLC."

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE PURSUANT TO FRCP 12b(6) & FRCP 9(b)

false; 2. the debtor made those representations with the intention and purpose of deceiving the creditor (scienter); 3. the creditor justifiably relied on those representations; and 4. the creditor sustained losses as a proximate result of the debtor's representations. *In re Shannon*, 553 BR 380, 388 (9th Cir. BAP 2016); In re *Sabban* 600 F.3d 1219, 1222 (9th Cir. 2010); *In re Eashai,* 87 F3d 1082, 1086 (9th Cir. 1996). And Fed. R. Bank. Proc. 7009(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Further, a party seeking to except a debt from discharge under § 523(a)(2)(A) as incurred through false pretenses or false representation must show that the debtor knowingly made a false representation. Plaintiff has still not plead facts with sufficient particularity as to state a claim for which relief can be granted. For example it is well settled that oral statements, even if false, respecting a debtor's/insider's financial condition are excluded from a § 523(a)(2)(A). *Lamar, Archer & Cofrin, LLP v. Appling,* 138 S.Ct. 1752, 1757 (2018) ("If [a] statement [respecting the debtor's financial condition] is not in writing, then, the associated debt may be discharged, even if the statement was false."); see also *In re Belice*, 461 BR 564, 573 (9th Cir. BAP 2011). In short, oral misrepresentations regarding financial condition are dischargeable.[5]

Plaintiff again attempts to predicate non-dischargeability upon "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which will not] suffice, for purposes of surviving a motion to dismiss for failure to state a claim. *In re Zavala*, 444 B.R. 181, 185 (Bankr. E.D. Cal. 2011). The FAC references ancillary correspondence and communications between the parties to support causes of action for nondischargeability based upon fraud but fails to provide any specificity concerning the time, place, or manner of the alleged fraudulent conduct. To the extent facts are alleged in the FAC, those facts reflect purported statements which are directly contradicted by the Promissory Note/Equity Agreements in Exhibit "A" clearly describing that any repayment shall be made from the revenues generated from ACC Enterprises, LLC which were not certain to occur.

---

[5] On July 10, 2014 Plaintiff wired $300,000.00 to ACC Industries, Inc. See Exhibit "C" at [DE1]. On November 21, 2014 Plaintiff wired $500,000.00 to Jakdyl, Inc. See Exhibit "C" at [DE1].

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE PURSUANT TO FRCP 12b(6) & FRCP 9(b)

1    Plaintiff merely asserts an alleged failure by the Defendant to perform a promised action to

2    perform in the future which is not a false representation or a false pretense unless the debtor had no

3    intention of performing at the time the representation was made. *In re Palmacci v. Umpierrez* 121

4    F.3d 781, 786-787(1st Cir. 1997).  Plaintiff's conclusory assertions the FAC lack any facts showing

5    that that Plaintiff had no intention of performing under the notes *before* Plaintiff voluntarily

6    transferred the pertinent funds, a defect this Court recognized in Plaintiff's original complaint in its

7    April 29 ruling. Given the conditional nature of repayment under the Notes Plaintiff cannot

8    satisfactorily plead fraud as his claims constitute merely a breach of contract at best.  Plaintiff has

9    again failed to plead facts that show the Debtor entered into a contract intending to never comply

10   with his contractual obligations.

11   As this Court noted in its April 29 ruling, a creditor claiming nondischargeability under §

12   523(a)(2)(A) must also show "justifiable reliance," not "reasonable reliance."  *Field v. Mans*, 516

13   U.S. 59, 73-76 (1995).  Justifiable reliance takes into account the "qualities and characteristics of

14   the particular plaintiff, and the circumstances of the particular case, rather than of the application

15   of a community standard of conduct to all cases."  *Id*. at 71.  For example in *In re Eashai*, 87 F3d

16   1082, 1090 (9th Cir. 1996) and in *In re Ortenzo Hayes* 315 B.R. 579, 588 (Bankr. C.D. Cal. 2004)

17   creditors could not justifiably rely on oral misrepresentations made in the context of a sale

18   negotiation, where a provision was not incorporated into a purchase agreement.

19   Additionally, a creditor seeking a § 523(a)(2)(A) nondischargeability determination must

20   demonstrate a causal nexus between the fraud and the debt—i.e., that the debtor's fraud was the

21   proximate cause of the loss to the creditor. *Field v. Mans* 516 US 59, 61-64 (1995).

22   Plaintiff alleges that Defendant "obtained money and/or property by false pretenses, false

23   representations, and/or actual fraud, other than a statement respecting the Debtor's or an insider's

24   financial condition in violation of 11 U.S.C. § 523(a)(2)(A) but has not plead, let alone provided

25   the Court with, any actual evidence of false statements made to the Plaintiff showing false pretenses

26   or representations relied upon by the Plaintiff that are consistent with Plaintiff's documentary

27

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

evidence attached to the FAC. (See FAC at lines 70-78, Exhs. A, B to FAC).  This formulaic and conclusory pleading approach is repeated over and over in each successive claim in the FAC.

Moreover, the FAC does nothing to establish that Seltzer's conduct in offering an equity interest in ACC Enterprises, LLC somehow satisfies the necessary element of scienter required to establish a fraudulent intent.  Plaintiff's own exhibits to the FAC show that Plaintiff knowingly and voluntarily wired money to entities *other than* those identified in the promissory notes where repayment was conditioned upon revenues being generated by the business entity ACC Enterprises, LLC.

Indeed, as this Court correctly concluded in its April 29, 2020 ruling in its analysis of Plaintiff's claim pursuant to 523(a)(2)(A):

> As concerns the representations in and about the May Note and the October Note, the Complaint has not plead with particularity the circumstances constituting fraud as required by Rule 9(b).  The Complaint does not sufficiently identify what statements or representations Defendant made to Plaintiff before Plaintiff transferred the pertinent funds in July 2014 and November 2014, and when Defendant did so.  Similarly, the Complaint does not articulate on which statements ore representations Plaintiff relied.

(Judge Kaufman April 29, 2020 Order, Adv. Dkt. 12).

As Plaintiff has not cured this defect, this claim for relief must again be dismissed, this time without leave to amend.

### C. Plaintiff's Second Claim for Relief For Defalcation By A Fiduciary Pursuant to 11 U.S.C. § 523(a)(4) Should Again Be Dismissed Because It Fails to Satisfy FRCP 9(b)

As stated by this Court in its April 29 ruling, "whether a relationship is a fiduciary one within the meaning of § 523(a)(4) is a question of federal law.  *Ragsdale v. Haller*, 780 F.2d 794, 795 (9th Cir. 1986); see also In re Cantrell, 269 B.R. 413, 420 (B.A.P. 9th Cir. 2001) ("The definition of 'fiduciary capacity' under 523(a)(4) is governed by federal law.").  In the context of dischargeability, the fiduciary relationship must arise from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt.  Ragsdale, 780 F.2d at 796; see also In re Stern, 403 B.R. 58, 66 (Bankr. C.D. Cal. 2009) ("In order for the debt to be

1    actionable for nondischargeability, the debtor must have been a trustee before the alleged wrong

2    and without reference thereto; the debtor must have already been a trustee before the debt was

3    created."); Cantrell, 269 B.R. at 420 ("Only relationships arising from express or technical trusts

4    qualify as fiduciary relationships under 523(a)(4)."). Under 523(a)(4), a court must consider state

5    law to ascertain whether there is the required express or technical trust. *In re Honkanen*, 446 B.R.

6    373, 379 (B.A.P. 9th Cir. 2011)."

7        This Court further correctly concluded: "A trust under California law may be formed by

8    express agreement, by statute, or by case law." *Cantrell*, 269 B.R. at 420. An express trust under

9    California law requires the following five elements: (1) present intent to create a trust; (2) a trustee;

10    (3) trust property; (4) a proper legal purpose; and (5) a beneficiary. *Honkanen*, at 379 n.6 (citing

11    Cal. Prob. Code §§ 15201-15205). A technical trust under California law one "arising from the

12    relation of attorney, executor, or guardian, and not to debts due by a bankrupt in the character of an

13    agent, factor, commission merchant, and the like." *Id*., at n.7 (quoting Royal Indemnity Co. v.

14    Sherman, 269 P.2d 123, 125 (Cal. Ct. App. 1954)). Additionally, "[t]rusts arising as remedial

15    devices to breaches of implied or express contracts – such as resulting or constructive trusts – are

16    excluded, while statutory trusts that bear the hallmarks of an express trust are not." *Id*. (citing *In re*

17    *Pedrazzini,* 644 F.2d 756, 759 (9th Cir. 1981)."

18        Plaintiff is obligated to properly plead claims for violation of 523(a)(4) concerning fiduciary

19    misconduct in accordance with FRBP 7009(b). The failure to do so permits Defendant to seek

20    dismissal under FRBP 7012(b)(6). When the non-dischargeability complaint is based on fraud or

21    defalcation in a fiduciary relationship, the creditor must plead claims and ultimately prove: 1. the

22    debtor was acting in a fiduciary capacity; and 2. while acting in that capacity, the debtor engaged

23    in fraud or defalcation. *In re Stanifer*, 236 B.R. 709, 713 (B.A.P. 9th Cir. 1999). Plaintiff has again

24    not done so in this instance. To survive a motion to dismiss on a § 523(a)(4) nondischargeability

25    claim, the Plaintiff must plead with particularity under FRBP 7009(b) and articulate the debtor's

26    fraud or defalcation while the debtor was acting in a fiduciary capacity when the debtor committed

27    the fraud or defalcation. *See In re Honkanen*, 446 B.R. 373, 378 (B.A.P. 9th Cir. 2011).

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

1    As noted above Plaintiff asserts at ¶ 81 of the FAC that "[p]ursuant to the May Note and

2    October Note, Plaintiff paid the Principal to Defendant, as the Debtor had agreed to repay the

3    Plaintiff the Principal within a timely period (by October 1, 2017) plus interest."  Plaintiff's own

4    exhibits clearly establishes he knowingly and voluntarily paid amounts to ACC Industries, Inc. and

5    Jackdyl Inc. per Exhibit "C" with the understanding he would be repaid from the operating revenues

6    of ACC Enterprises if and only if it generated sufficient revenues after taking into account

7    operational expenses.

8    Plaintiff further states at ¶¶ 83 and 84 the FAC he was "informed and believes that, at all

9    relevant times, Defendant had possession, custody and control of the Principal (monies borrowed)

10   and that by taking possession of the Principal, Defendant agreed to act as Plaintiff's agent for

11   purposes of ensuring that the Principal was repaid to Plaintiff in accordance with the terms of the

12   May Note and October Note."  But Plaintiff again fails to allege with any level of specificity how

13   Defendant was acting in a fiduciary capacity toward the Plaintiff and while acting in that capacity

14   defrauded the Plaintiff. Plaintiff again simply glosses over the fact that by the terms of the Notes,

15   repayment was conditioned upon ACC Enterprises generating sufficient revenues to pay back

16   Plaintiff.

17   Plaintiff then goes on to allege that "Based upon Debtors Original Schedules and Amended

18   Schedules and bank statements, Defendant "took" over $90,000 from ACC" thus committing

19   defalcation by failing to account to Kessler for the "taken funds." FAC ¶ 87.  Plaintiff is apparently

20   alleging that a fiduciary relationship somehow sprang up involuntarily in 2018 which is not only

21   nonsensical, but meaningless in the context of dischargeability as discussed *supra*.  No allegations

22   of an "express or technical trust that was imposed before and without reference to the wrongdoing

23   that caused the debt" appear anywhere in the FAC as required.  *Ragsdale*, 780 F.2d at 796.  Further,

24   Plaintiff again fails to offer any specifics as to what right Plaintiff had in revenues generated from

25   these separate entities which were excluded from the promissory notes.

26   Plaintiff has failed to plead facts and allegations, other than on information and belief that

27   a fiduciary relationship existed between the parties. This is insufficient to support a claim under

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

523(a)(4).  The existence of a fiduciary relationship under § 523(a)(4) is a matter of federal law[6].

*See generally In re Berman*, 629 F.3d 761, 767-768 (7th Cir. 2011); *In re Nail,* 446 B.R. 292, 299-300 (B.A.P. 8th Cir. 2011).

Clearly nothing in Exhibits "A" or "B" establishes the existence of an express trust or fiduciary relationship and no set of facts have been plead which establishes such express agreement or relationship ever existed between Plaintiff and Defendant. Given this the claim must be dismissed without prejudice in accordance with FRBP 7012(b)(6).

**D.  Plaintiff's Third Claim For Relief For Nondischargeability For Willful and Malicious Injury By Debtor to Property of Another Pursuant To 11 U.S.C. § 523(A)(6) Should Be Dismissed Because It Fails to Satisfy Federal Rule of Bankruptcy Procedure 7012(b)(6)**

Plaintiff's minimally and insufficiently amended third claim for relief under 11 U.S.C. § 523(A)(6) should also again be dismissed for failure to state a claim for which relief can be granted as it this statute is limited to "willful and malicious injury by the debtor to another entity or to the property of another entity." The type of debts excluded from discharge under § 523(a)(6) are "intentional torts, as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend the consequences of an act, not simply the act itself." *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998) (internal quotations and emphasis omitted); *In re Steger*, 472 B.R. 533, 537 (B.A.P. 8th Cir. 2012).   While bankruptcy law governs whether a claim is nondischargeable under § 523(a)(6), the court looks to *state law* to determine whether an act falls within the underlying tort. *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999); *see also In re*

---

[6] In *Cal–Micro Inc. v. Cantrell*, the Ninth Circuit considered whether a debtor, as a corporate principal, was the trustee of an express or technical trust under California law and, thus, was a fiduciary for purposes of the discharge exception for fiduciary fraud or defalcation. *Cal-Micro, Inc.*, 329 F.3d at 1125. Cal–Micro, Inc. obtained a default judgment against one of its corporate directors, Cantrell, for breach of fiduciary duty. Cantrell then filed a voluntary Chapter 7 bankruptcy petition and, in response, Cal–Micro filed a complaint seeking to except its default judgment from discharge under section 523(a)(4). The Ninth Circuit concluded that under California law officers and directors have fiduciary obligations to the corporation and its shareholders, but that they are not trustees with respect to an express or statutory (technical) trust. *Id*. at 1126. The Ninth Circuit relied heavily on *Bainbridge v. Stoner*, 16 Cal.2d 423 (1940), in reaching this decision and focused, among other things, on the Bainbridge court's determination that the relationship between a corporate director and the corporation and its shareholders is: "... strictly speaking, ... not one of trust, but of agency." *Id*. (quoting *Bainbridge*, 16 Cal.2d at 426 (1940)). In the absence of an express or technical trust, Cal–Micro's claim was not excepted from discharge under section 523(a)(4). *In re Moeller,* 466 B.R. 525, 533 (Bankr. S.D. Cal. 2012)

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

1   *Rodriguez*, 568 B.R. 328, 339 (2017) —§ 523(a)(6) (BC SD CA 2017) requires state-specific

2   tortious conduct; *Lockerby v. Sierra*, 535 F.3d 1038, 1041 (9th Cir. 2008).   Claims for alleged

3   breach of contract are not "willful and malicious" under § 523(a)(6) unless accompanied by conduct

4   that constitutes a tort under state law which Plaintiff has not plead with plausibility or particularity.

5   In this instance Plaintiff again claims Defendant "willfully induced the Plaintiff to pay the Principal,

6   and execute of the October Note." FAC ¶ 98.

7          Plaintiff claims that through such conduct Defendant "maliciously inflicted injury upon the

8   Plaintiff by intentionally and wrongfully submitting false, misleading and inaccurate

9   representations and warranties concerning the work completed and the amount of services

10  rendered" however there are no facts or circumstances that establish any such willful or malicious

11  conversion of Plaintiff's funds purportedly invested in ACC Enterprises, LLC.   FAC ¶ 99.

12  Likewise, Plaintiff's tenuous description of alleged promises made by the Defendant in the FAC

13  lack sufficient facts to establish Defendant conduct was "willful and malicious" under the Code.

14  Plaintiff's allegation at ¶ 100 of the FAC that  "Defendant received the Principal from Plaintiff" to

15  be later "returned to Plaintiff by October 1, 2017 pursuant to the October Note" does not rise to

16  willful and malicious conduct.   If anything, the FAC only repeatedly underscores that despite

17  Plaintiff's desperate attempts to inflate the allegations to fraud and willful and malicious conduct,

18  this is at best, a breach of contract action and nothing more.

19         A simple breach of contract is not the type of injury intended to be covered by § 523(a)(6).

20  *See In re Jercich* 238 F.3d 1202, 1205 (9th Cir. 2001); *In re Riso*, 978 F.2d 1151, 1154 (9th Cir.

21  1992); *see also Lockerby v. Sierra*, 535 F.3d at 1041 (holding a breach of contract is not "willful

22  and malicious" under § 523(a)(6) unless accompanied by conduct that constitutes a tort under state

23  law).   Here   Plaintiff   has   again   not   plead   sufficient   facts   for   purposes

24  of § 523(a)(6) nondischargeability action, permitting the bankruptcy court to find Defendant's

25  conduct  inflicted injury that was *both* "willful" *and* "malicious." *See In re Matter of Ormsby* , 591

26  F.3d 1199, 1206 (9th Cir. 2010); *see also In re Barboza* 545 F3d 702, 711(9th Cir. 2008) (remanded

27  because lower court did not address "malicious" element); *In re Su*, 290 F3d 1140, 1147 (9th Cir.

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

2002) (remanded where lower court's analysis conflated "willful" and "malicious" elements) Plaintiff has to plead and prove both elements of a 523(a)(6) claims that Defendants conduct was both willful *and malicious injury*.

Moreover, to establish a prima facie case for an exception to discharge under 11 U.S.C. § 523(a)(6), the creditor must prove that the debt was incurred through conduct that was willful and malicious, and caused injury or damage to an "entity" or its property. The willful and malicious elements must be analyzed and evaluated separately. The word "willful" modifies the word "injury," indicating that non-dischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).

These are separate elements of the claim which must be plead and proven. "Willful" within the meaning of § 523(a)(6) means "deliberate or intentional." *Kawaauhau v. Geiger* (1998) 523 US 57, 61, fn. 3 (1998). It requires the Plaintiff to show a "willful injury" which is a requirement that must be met when the creditor pleads and establishes: 1. the debtor had a *subjective motive* to inflict the injury; and 2. the debtor believed the injury was *substantially certain* to occur as a result of his or *her* conduct. *In re Hamilton*, 584 B.R. 310, 319, (B.A.P. 9th Cir. 2018) (citing *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001)); *see also In re Su*, 290 F.3d at 1144.

Section 523(a)(6) nondischargeability actions are limited "to those situations in which the debtor possesses *subjective intent to cause harm* or *knowledge that harm is substantially certain to result* from his actions." *In re Su*, 290 F.3d at 1145, fn. 3 (emphasis added); *In re Black*, 487 B.R. 202, 211 (B.A.P. 9th Cir. 2013).

Additionally, conduct is not tortious under 11 U.S.C. § 523(a)(6) simply because injury is intended or "substantially likely to occur," but rather it is only tortious if it constitutes a tort under state law. *Lockerby v. Sierra*, 535 F.3d 1038, 1041-42 (9th Cir. 2008). Plaintiff again fails to state a cause of action that Defendant's alleged conduct was to intentionally convert Plaintiff's money willfully and maliciously.

**E.** **Plaintiffs Fourth Claim For Relief Pursuant to 11 U.S.C. § 727 (a)(2) Should Be Dismissed Pursuant to FRBP 7012(b)(6) as Plaintiff Fails To State a Claim for Which Relief Can Be Granted.**

Plaintiffs fourth claim for relief pursuant to 11 U.S.C. § 727 (a)(2) should be dismissed pursuant to FRBP 7012(b)(6) as Plaintiff fails to state a claim for which relief can be granted. To bring a successful claim for denial of a debtor's discharge under 11 U.S.C. § 727(a)(2)(A) for having fraudulently transferred or concealed property of the debtor, the plaintiff must show that: (1) the debtor transferred or concealed property; (2) the property belonged to the debtor; (3) the transfer occurred within one year of the bankruptcy filing; and (4) the debtor executed the transfer with the intent to hinder, delay, or defraud a creditor. *In re Neff*, 505 B.R. 255, 262 (9th Cir. BAP 2014). *In re Pinsonneault,* No. AP 15-90201-LA, 2017 WL 218819, at *11 (Bankr. S.D. Cal. Jan. 13, 2017)

Plaintiff alleges upon information and belief that Defendant, with the intent to hinder, delay, or defraud Plaintiff, has transferred and/or abandoned all or part of the Pre-Petition Transfers and Insurance Proceed Transfer. Denial of a discharge pursuant to § 727(a)(2) requires that the debtor have had an interest in the property transferred, concealed, destroyed, etc. *See* 11 USC § 727(a)(2) (referring to "property of the debtor"); *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3rd Cir. 1993). (holding that a relevant "concealment" can occur for purposes of § 727(a)(2) denial of discharge "only if property of the debtor is concealed" (emphasis in original)). Whether a property interest exists is a matter of state law. *In re Harrell* 73 F3d 218, 219 (9th Cir. 1996); *see also* Cal. Civ. Code § 654 (defining property ownership).

On the other hand, federal bankruptcy law governs the extent to which a debtor's property is included in the bankruptcy estate. *In re Farmers Markets, Inc.* 792 F.2d 1400, 1402 (9th Cir. 1986); *In re MacDonald*, 164 B.R. 325, 328 (Bankr. C.D. CA 1994). For example fully-secured property has no equity to be distributed to unsecured creditors. Thus, a debtor's transfer of fully-secured property is not the transfer of "property of the debtor" within the meaning of § 727(a)(2). *In re Drenckhahn*, 77 B.R. 697, 704-705 (Bankr. D. M.N. 1987); *see also In re Harris*, 8 B.R. 88, 92 (Bankr. M.D. Tenn. 1980).

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

### F.  Plaintiff's Fifth Claim For Relief  for Objection To Discharge Pursuant To 11 U.S.C § 727(A)(4) Should be Dismissed for Failure to State a Claim for Relief Pursuant to FRBP 7012(b)(6)

Section 727(a)(4) denies a discharge to any debtor who "knowingly and fraudulently" makes a false oath or account in the course of the bankruptcy proceedings. 11 U.S.C. § 727(a)(4). To succeed on a section 727(a)(4) claim, a plaintiff must show: (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005), aff'd and remanded, 241 Fed.Appx. 420 (9th Cir. 2007). A fundamental purpose of § 727(a)(4)(A) is to incentivize a debtor to provide the trustee and creditors with accurate information so that they do not need to conduct costly investigations. *Fogel Legwear of Switz., Inc. v. Wills (In re Wills)*, 243 B.R. 58, 62 (B.A.P. 9th Cir. 1999).

The parties objecting to discharge bear the burden of proof. Fed. R. Bankr. P. 4005. The standard for that burden is a preponderance of the evidence. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). "In keeping with the 'fresh start' purposes behind the Bankruptcy Code, courts should construe § 727 liberally in favor of debtors and strictly against parties objecting to discharge." *Retz*, 606 F.3d at 1196 (internal quotation marks and citation omitted). The "fresh start" policy, however, is limited to the "honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991).  In re LeMieux, No. 16-10211 HLB, 2017 WL 4325563, at *7–8 (Bankr. N.D. Cal. Sept. 27, 2017).

Under Bankruptcy Code § 727(a)(4), this court may deny a Chapter 7 debtor's discharge if the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account. Plaintiffs must demonstrate by a preponderance of the evidence that (1) the debtor made a false oath in connection with the case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently. *In re Retz,* 606 F.3d 1189, 1197 (9th Cir.2010) (*citing Roberts v. Erhard (In re Roberts),* 331 B.R. 876, 882 (9th Cir. BAP 2005). "Objections to discharge under 11 U.S.C. § 727 are to be literally and strictly construed against the creditor and liberally in favor of the debtor." *In re Coombs,* 193 B.R. 557, 560 (Bankr.S.D.Cal.1996) (*quoting*

1    *In re Bodenstein,* 168 B.R. 23, 27 (Bankr.E.D.N.Y.1994)). *In re Tiscareno*, 551 B.R. 1, 14 (Bankr.

2    N.D. Cal. 2016).

3           Here, Plaintiff again offers no actual facts, but merely offers his own, unsupported "belief"

4    that Defendant made a "knowing and fraudulent false oath."  But, as discussed extensively *supra*,

5    actual facts must be alleged.  Plaintiff again has none, and as such, its fifth claim for relief should

6    also be dismissed.

7    ### G.  Plaintiff Sixth Claim For Relief Objection To Discharge Pursuant To 11 U.S.C § 727(A)(5) Should be Dismissed for Failure to State a Claim for Relief Pursuant to FRBP 7012(b)(6)

8

9           11 U.S.C. § 727(a)(5) provides that the debtor should be denied a discharge if "the debtor

10   has failed to explain satisfactorily ... any loss of assets or deficiency of assets to meet the debtor's

11   liabilities." The initial burden is on the Trustee to show evidence establishing the basis for his

12   objection. See *In re Ottoson–King*, 3 Fed.Appx. 147, 151 (4th Cir.2001). More specifically, "the

13   Trustee must 'establish that the debtor at one time owned a substantial identifiable asset, not too

14   remote in time to the date of the commencement of the case; [and] that on the date of filing the

15   voluntary petition the debtor no longer had the particular asset.' " *In re Hahn*, 362 B.R. 542, 548

16   (Bankr.S.D.Fla.2007)

17          Any explanation a debtor gives regarding missing assets must be "reasonable and credible

18   so as to satisfy the court that the creditors have no cause to wonder where the assets went." Id.

19   (citing *In re Farouki*, 133 B.R. 769, 777 (Bankr.E.D.Va.1991)). A debtor meets this burden if he

20   convinces the judge of his good faith and business-like conduct. *In re Shapiro*, 59 B.R. 844, 848

21   (Bankr.E.D.N.Y.1986); *In re Frank*, 14 B.R. 166, 168 (Bankr.S.D.Fla.1981). "Although the

22   debtor's records will provide the most convincing explanation of his financial problems, they are

23   not an absolute prerequisite to a discharge." *In re Thomas*, No. 86–3560, 1987 WL 37635, at *2

24   (4th Cir. June 3, 1987). However, "[T]he failure to offer documentary evidence to corroborate a

25   debtor's testimony as to the loss or disposition of assets may justify the denial of a discharge

26   pursuant to Section 727(a)(5)." *In re Ottoson–King*, 3 Fed.Appx. at 151. *In re Belk*, 509 B.R. 513,

27   522 (Bankr. W.D.N.C. 2014).

28

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)

1    11 U.S.C. § 727(a)(5)

2        Here, Plaintiff attempts to step into the shoes of the Trustee to scrape together a claim by

3    complaining that Plaintiff may not have used certain funds as claimed.  But this is the role of the

4    Trustee.  (The initial burden is on the Trustee to show evidence establishing the basis for his

5    objection. See In re Ottoson–King, 3 Fed.Appx. 147, 151 (4th Cir.2001)). Setting aside that the

6    amounts appearing in Plaintiff's FAC can in no way be considered "substantial assets" as required,

7    Defendant clearly explained the uses in any event and "creditors have no cause to wonder where

8    the assets went."  Belk, 509 B.R. at 522 (W.D.N.C. 2014).  Plaintiff's final claim is also fatally

9    deficient and as such, must be dismissed.

10   **V.    CONCLUSION**

11       Plaintiff has again failed to meet the standards of the Federal Rules of Civil Procedure as

12   made applicable to the Bankruptcy Code. And, for the reasons outlined above, Plaintiff's claims for

13   relief also fail to meet the heightened specificity requirement of FRCP 9(b).  Even when the FAC

14   is construed liberally with every inference drawn in Plaintiff's favor and all allegations accepted as

15   true, Plaintiff's claims for relief still fail. Accordingly, Plaintiff's Complaint must be dismissed

16   pursuant to FRCP 12(b)(6) and 9(b).

17   Dated:  May 26, 2020                    GREENSPOON MARDER LLP

18                                           By: _____ /s/ Kathleen C. Hipps _____

19                                                Kathleen C. Hipps
                                                  Rebecca Lawlor Calkins
20                                           Attorneys for Defendant PETER M.
                                             SELTZER

DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR THE DENIAL OF DISCHARGE
PURSUANT TO FRCP 12b(6) & FRCP 9(b)